Law Offices of
GEORGE C. BOISSEAU
SBN 75872
740 4th Street
Second Floor
Santa Rosa, California 95404
Phone: (707) 578-5636
Fax: (707) 578-1141
E-Mail: boisseaugc@msn.com

Attorney for Defendant
ALEXANDER CENEDELLA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>v.<br><br>ALEXANDER CENEDELLA,<br><br>　　　　Defendant. | CR-19-0626-SI<br><br>DEFENDANT'S SENTENCING MEMORANDUM<br><br><br><br>Date: July 24, 2020<br>Time: 1:30 p.m. |

The defendant, ALEXANDER CENEDELLA (CENEDELLA), by and through his counsel of record, George C. Boisseau, hereby submits his Sentencing Memorandum.

## I.
## INTRODUCTION

"I chose to live by choice,
Not by chance;
To make changes,
Not excuses;
To be motivated,
Not manipulated;
To be useful, not used;
To excel, not compete.
I choose self-esteem,
Not self pity.
I chose to listen to my inner voice,
Not the random opinions of others.

- Anonymous

CENEDELLA embraces the sentiment of this life quote, which is reflected by his

1

SENTENCING MEMORANDUM

admittance of guilt, early in his proceedings. On February 21, 2020, CENEDELLA, entered a plea of guilty to possessing, with intent to distribute, marijuana (Count One), and conspiracy to distribute marijuana (Count Three). CENEDELLA'S was indicted on November 21, 2019, for conduct which had occurred on April 8, 2018. He admitted providing four pounds of marijuana to co-defendant Ricardo Castillo (and another person) to sell, plus a firearm to the "other person" for protection. Regretfully, the persons to whom the marijuana was being sold attempted to rob CENEDELLA'S friends without success, and in turn, CENEDELLA's friend was tragically shot and seriously wounded.

CENEDELLA sincerely regrets his ill-fated decision to engage in such conduct and has had much time to think about the consequences of his decisions even before being indicted. He understands the seriousness of his conduct and has been living with its effects for over two years. The fact that there are unintended, yet foreseeable consequences, in the sale of drugs has been seared into his mind.

CENEDELLA does not find comfort or solace in the fact that his judgment was clouded by his addiction to marijuana or that California has subsequently decriminalized possessing small amounts of marijuana. CENEDELLA is living proof that there are negative consequences to possessing and selling marijuana that go far beyond changing societal attitudes. Now, CENEDELLA is a felon for life--a consequence he must live with and accept.

CENEDELLA has fully admitted his conduct to this Court. But more importantly, he has been fully employed for these past two years and has made incredible strides to turn his life around. CENEDELLA'S life now has much more meaning after seeing the destructive path he was going down, and how easily it could continue to spiral downwards. He is appreciative of the opportunity to show to himself, and others, that he has the ability to control his addiction, and fulfill his desire to be a productive member of the community.

In this turbulent and most trying of times, the defense agrees that custody is not the best option for this man, or society in general. The $36,300 it costs to house CENEDELLA in the Bureau of Prisons can be put to better use such as paying for his counseling, treatment and education. If punishment was the only goal of sentencing perhaps custody would be

warranted. But one important goal of sentencing should be rehabilitation and this case provides an opportunity to make the best use the government's resources in order to bring positive and long-lasting change in one man in need without just warehousing him for a year or longer.[1]

CENEDELLA needs the guidance offered by the United States Probation Department. He has already demonstrated that he will comply with the terms and conditions of probation and will participate in any programs it suggests. Moreover, his success so far serves as an indicator that he will continue to benefit from these programs. He should be able to live up to his potential, impossible when he was addicted to marijuana but now possible with abstinence, treatment and counseling. He will be a work in progress for years but CENEDELLA looks forward to the challenge.

II.

THE PRESENT AND FUTURE.

CENEDELLA is truly remorseful for his conduct. Further, he wishes to participate in all treatment, vocational, educational and counseling programs available. He has a well-documented substance abuse problem which contributed to the instant offense conduct.

As best he can, CENEDELLA has searched within himself to determine what caused him to become involved in this criminal activity and what he can do to never place himself where he repeats it. He realizes he must continue to address his substance abuse problem which has contributed to every one of his criminal offenses. He realizes that his addiction not only placed him in this position, but that it will hamper him in the future in both his professional and personal life unless he continues to abstain from marijuana usage.

Not only has his conduct greatly disappointed his family, but it is certainly not the example he wishes for young daughter. CENEDELLA believes he must turn away from drugs and continue to act responsibly to regain the respect of all his family. First, he has accepted full responsibility for his conduct. He must now repay his family for the love and support they

---

[1] One New York study found that placing 150 felony offenders in a drug treatment program instead of incarceration saved the city system over $7 million in taxpayer money.

3

SENTENCING MEMORANDUM

have shown him throughout these difficult months. And he can only do this by changing his life-style. He has a family to support and care for--he knows that he must grow up emotionally and face adulthood with enthusiasm and long-term planning.

CENEDELLA is requesting this opportunity to change his life. Custody may indeed seriously erode the progress he has already made, a setback for him and the community at large.

### III.

### OBJECTIONS TO THE PRE-SENTENCE REPORT

The defense does not object to the Pre-Sentence Report's calculation of CENEDELLA's offense level or criminal history.[2]

### IV.

### THIS COURT SHOULD FOLLOW THE UNITED STATES PROBATION DEPARTMENT's RECOMMENDATION FOR A DOWNWARD VARIANCE OF PROBATION BECAUSE IT IS A REASONABLE SENTENCE CONSIDERING THE FACTORS SET OUT IN 18 U.S.C. §3553(A).

A probationary sentence in this case serves the dual purpose of punishment and rehabilitation. It will give CENEDELLA an opportunity to participate in drug treatment, educational, and counseling programs within in this district. He can thus continue to provide the emotional and financial support for his daughter without interruption and be gainfully employed through these crisis laden times.

Sentencing courts must give "meaningful consideration" to all of the statutory factors in 18 U.S.C. §3553(a).

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed–(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

---

[2] Paragraph Four of the Pre-Sentence Report indicates that CENEDELLA was arrested on November 26, 2018 and appeared before Magistrate Hixon. This is a typo. CENEDELLA was indicted on November 21, 2019, and was arrested without incident on or about November 26, 2019.

4
SENTENCING MEMORANDUM

> (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for–(A) the applicable category of offense committed by the applicable category of the defendant as set forth in the guidelines...; (5) any pertinent policy statement...issued by the Sentencing Commission...that is in effect on the date the defendant is sentenced.; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.

(18 U.S.C. §3553). Section 3553(a) clearly states that a court must impose a sentence that is "sufficient but not greater than necessary to comply with the purposes of sentencing. This requirement is often referred to as 'the parsimony provision," and the Supreme Court has referred to it as the "overarching instruction" of 18 U.S.C. §3553(a). See *Kimbrough v. United States,* 552 U.S. 85 (2007). Although the offender's conduct is part of the sentencing equation, it is not the totality of it, and the sentencing court must not focus on the offense at the expense of the individual offender. *United States v. Booker*, 543 U.S. 220 (2005) and *United States v. Ameline*, 409 F.3d 1073 (9th Cir.2005)(*en banc*). The sentence must be long enough to reflect the seriousness of the offense, provide for just punishment and promote respect for the law. Further, it should afford adequate deterrence to criminal conduct in general and protect the public. It must be "sufficient but not greater than necessary" to reflect societal concerns and individual considerations.

A sentencing alternative will reflect the seriousness of the offense, provide for just punishment and promote respect for the law. It affords adequate deterrence to criminal conduct in general and protects the public.

CENEDELLA has admitted his responsibility early in these proceedings. He has matured during these last two years and has had much time to reflect upon his past and future. He is a man who fortunately still has his family's support. This sentence will adequately punish him for his conduct and at the same time give him the opportunity and resources to become a productive member of society. By doing this, he will be able to develop the tools to deal with his drug addiction.

## CONCLUSION

For the foregoing reasons, CENEDELLA respectfully requests that this Court follow

5

SENTENCING MEMORANDUM

the recommendation of the United States Probation Department and place him on five-years probation with all the conditions set out in the Pre-Sentence Report. Such a sentence is reasonable within the meaning of *Gall v. United States*, 552 U.S. 38 (2007) and consistent with the factors set out in 18 U.S.C. §3553(a). CENEDELLA will benefit greatly from the counseling, rehabilitation and treatment programs offered by the probation department and has shown, for his part by his successful participation in all pre-trial release conditions, that he is both deserving and willing to accept the life changing opportunities available. This is a man that accepts responsibility for his conduct and has come to realize the seriousness of the consequences of engaging in such behavior. He wishes to regain the trust and support of his family and be a positive influence on his young daughter's life.

He also understands that he must deal with his addiction to marijuana and does not want to go down the path where he had been before. He knows that he must move forward if he wants to be fully engaged in the community and be a productive member of the society.

CENEDELLA's work during the past two years, and especially during this time of the COVID-19 pandemic where he helps produce parts for life saving equipment desperately needed, has given him an enormous sense of pride. It has spurred him to better himself and look at future possibilities which will only make both his and his daughter's lives better.

CENEDELLA is determined to put this unfortunate chapter of his life behind him but at the same time make it a positive experience by learning new life skills and a better way of living. He has the family support to help him in this regard. The positives he has in his life should enable him to be successful in this grant of probation, an act of mercy and forgiveness which he will not squander.

Dated: July 17, 2020

Respectfully submitted,

    /s/
GEORGE C. BOISSEAU

Attorney for Defendant
ALEXANDER CENEDELLA

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing <u>SENTENCING MEMORANDUM</u> was served this date to the following parties and attorneys for parties by e-filing a copy to:

> Ross E. Weingarten
> Assistant U.S. Attorney
> United States Attorney's Office
> Northern District of California
> 11th Floor Federal Building
> 450 Golden Gate Avenue
> San Francisco, California 94102
> Fax: (415) 436-7234

I caused the following additional parties to be personally served by e-filing a copy to:

> Melissa Moy
> United States Probation Officer
> United States Probation Department
> 17th Floor Federal Building
> 450 Golden Gate Avenue
> San Francisco, California 94102
> Fax: (415) 436-7572

I certify under penalty of perjury that the foregoing is true and correct.

Executed this 17th July, 2020, in Santa Rosa, California.

/s/
GEORGE C. BOISSEAU